UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO.: 5:24-cr-22-TPB-PRL

<u>DONGHUI LIAO</u>

MOTION FOR VARIANCE AND SENTENCING MEMORANDUM

The Defendant, **DONGHUI LIAO**, by and through undersigned counsel, files this *Motion for Variance and Sentencing Memorandum* and requests this court exercise its discretion in imposing a reasonable sentence under the advisory guidelines. This court has discretion to order any sentence which is sufficient but not greater than necessary to comply with 18 U.S.C.§3553(a) and grant a variance from the advisory guidelines sentence.

**Procedural Background**

Donghui Liao was charged in a one count Indictment filed on March 5, 2024. He pled guilty pursuant to a written plea agreement on December 16, 2024 to, knowingly and with intent to defraud, possess 15 or More Counterfeit and Unauthorized Access Devices pursuant to 18 U.S.C. § 1029(a)(3) and 1029(c)(1)(A)(i). Sentencing is set for March 28, 2025.

**Nature and Circumstances of the Offense**

Donghui Liao pled to this offense, is remorseful and accepts responsibility for his actions. He was a courier for a large-scale operation. He would take Target gift cards from the display and send or deliver them to whomever he was asked to deliver the cards to. He was also provided cards to return to the Target stores display racks. Upon arrest, he was found in possession of several gift cards and a high number of cards were located in his car pursuant to a

1

post-arrest search. He also provided a post-Miranda statement explaining how he became involved, what he was asked to do with the cards once taken and to return others back to the Target stores. This enterprise was not his nor did he build it but he did get involved with it.

### Donghui Liao

Mr. Liao is a 33-year-old gentleman, who completed the high school and college in China. (Doc 50, ¶ 55). To his credit, he managed this despite coming from an impoverished background. He was raised by his grandparents from age 12 as his parents could neither care for nor support him or his siblings and they had to care for themselves. (Id. at ¶ 47). At age 17, he left his grandparents' home to live with his wife. (Id. at ¶ 48). He now has 2 small children. (Id. at ¶ 97). He lives with his wife and small children and hopes to return to them upon completion of his sentence. He maintains a relationship with his siblings and parents back home. (Id. at ¶¶ 45, 46). He lived in California and Texas from 2022-2024 prior to his arrest. (Id. at ¶ 48). He was only able to work as a migrant farm worker and Uber driver. (Id. at ¶¶ 58, 59). He worked throughout his life, maintained a stable home life and good relationship with his wife and family.

### Sentencing Factors

The sentence imposed should reflect the seriousness of the offense, produce respect for the law and provide just punishment for the offense as stated in 18 U.S.C.§ 3553(a)(2)(A). The guidelines contemplate an extremely high, 18 level, increase attributed to the high intended loss coupled with a separate 2 level increase due to the number of cards counted. The extraordinary increase raised his exposure from Level 6, 0-6 months/no imprisonment, to 51-63 months of imprisonment. Notwithstanding, the actual loss to Target was $3,333.42. As he can only receive a nominal reduction in levels awarded in the guidelines, his exposure is still 30-37 months. Any

amount of incarceration above the 18 months of imprisonment already served in state and federal custody away from his family with the pending deportation, which will separate him yet again from his family, will more than adequately provide respect for the law and just punishment.

§ 3553(a)(2)(B) calls for deterrence to criminal conduct. Any prison sentence should have the purpose of deterring future criminal conduct to the person sentenced. It also serves as a deterrent to criminal conduct in general. The length of the sentence depends greatly on the scope of involvement, amount, and criminal history. A prison sentence and deportation are two factors that promote deterrence.

Mr. Liao has no criminal history. These actions were an attempt to help support his family with 2 very small children. He has very little ability to work in this country and has no family support. He could only find work as a migrant farmworker and Uber driver. Although he was employed in his native country, he really could not support his family and left a communist regime. These acts did not cause an undue economic burden on any individual person(s) and only a nominal amount of financial loss to Target. This is not a crime of violence. The public is protected from present and future harm by the proposed sentence and it allows for restitution.

**Conclusion**

Mr. Liao has no prior criminal history. He scores level 19, category 1. It is plain to see that he got involved in this fraud to help support his family, and, it is fair to say, he had very little knowledge of the scope of the operations and all the players. He was working as a low level "runner" for a large-scale operation. He is the sole person charged of a large organization. Aside from his acceptance of responsibility and reduction for zero-point offender, he is receiving no consideration for any sort of reduction after his 18-level bump for acquiring the cards and

returning other cards given to him for placement back in the stores. He was cooperative and forthcoming with law enforcement from the point of his arrest in giving a statement delineating his involvement and knowledge.

He has maintained a stable home life with his family, has tried to support, to the best of his ability, his family here and maintains a good relationship with his family back home. He somehow managed to complete high school and college and find employment in China. To his credit, he managed this despite coming from an impoverished background, having to fend for himself, find his way and leaving his grandparents' home to move with his present wife. He was raised by his grandparents as his parents could neither care for him and his siblings nor support them. He is highly motivated to continue with any vocational training and is learning English while incarcerated. He is also highly motivated not to reoffend and is remorseful for his actions.

Thus, counsel respectfully requests this Court to sentence at the low end of the guidelines. Additionally, award credit for his incarceration and detention on the state related charges from October 18, 2023, which were nolle prosequi, until March 7, 2024 when he came into federal custody. Based on all the afore-mentioned, defense requests this court grant a downward variance of only 5 levels down to a level 14. This range is 15-21 months which puts him in a range for which he can be sentenced to time served. While on supervised release, he can pay back the loss to Target. This sentence would be sufficient but not greater than necessary to comply with the §3553 factors.

**Respectfully Submitted,**
**/s/ *Jose Rodriguez***
Jose Rodriguez, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 25, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this matter, including to the Office of the United States Attorney.

*s/Jose Rodriguez*
Jose Rodriguez, Esq.
Florida Bar No. 0915262
The Rivas Law Firm, P.A.
Attorneys for Defendant
2307 Lee Road
Winter Park, FL 32789
Phone: (407) 644-2466
Email: Attorney@rivaslawfirm.com